IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NICOLAS COVARRUBIAS,

                                                     ORDER

         Petitioner,

                                               16-cv-549-bbc
                                               12-cr-62-bbc

    v.

UNITED STATES OF AMERICA,

         Respondent..

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Nicholas Covarrubias has petitioned for post conviction relief under 28 U.S.C. § 2255, seeking a reduction in the sentence imposed on him on April 3, 2013, after he had been found guilty of conspiracy to possess with intent to distribute cocaine. This is petitioner's second motion for a modification of his sentence. In his first motion, he sought a reduction in his sentence under 18 U.S.C. § 3582, arguing that he was entitled to one because the guidelines for drug crimes such as his had been lowered and given retroactive effect by the United States Sentencing Commission. His motion was denied because his sentence was a mandatory term of 10 years under 21 U.S.C. § 841(b)(1) that had been set by Congress and not by the sentencing commission. Consequently, only Congress could reduce the term; neither the sentencing commission nor this court had authority to do so. Order, dkt. #243.

      In his newly filed motion for relief, petitioner argues that he is entitled to a reduction

in his sentence in light of the 2015 amendments to the commentary to U.S.S.G. § 3B1.2. Unfortunately for defendant, the amendments have no effect on his sentence. First, nothing in the new amendments suggests that they are to be applied retroactively to sentences that have become final. Petitioner points out they were applied by the Court of Appeals for the Ninth Circuit in a recent case, United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), but in that case, they were applied retroactively in a direct appeal from a sentence, not years later in a motion for post conviction relief, and they were applied to a sentence determined under the sentencing guidelines. This leads to the second reason why the amendments do not apply to petitioner's sentence, which is that they are merely sentencing commission directives, not statutory changes; thus, they have no application to a statutory sentence such as petitioner's. I did not rely on the sentencing guidelines in sentencing petitioner so changes to those guidelines have no effect on petitioner's term of confinement.

Petitioner has shown no reason why he is entitled to post conviction relief. Accordingly, his motion must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v.

Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.  Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Nicolas Covarrubias's petition for post conviction relief under 28 U.S.C. § 2255 is DENIED.  Further, it is ordered that no certificate of appealability shall issue.  Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 19th day of August, 2016.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge